RANDY S. GROSSMAN
Acting United States Attorney
LAWRENCE A. CASPER
Assistant United States Attorney
California Bar No. 235110
DEBORAH L. CONNOR
Chief
MARK A. IRISH
Senior Trial Counsel
P.R. Bar No. 209107
Money Laundering & Asset
Recovery Section, Criminal Division
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6734
Email: lawrence.casper@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br> BIANCA ACEDO-OJEDA,<br><br>            Defendant. | Case No.: 15CR0950-BEN<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date: October 13, 2021<br>Time: 2:00 p.m. |

      Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, Acting United States Attorney, Lawrence A. Casper, Assistant United States Attorney, Deborah L. Connor, Chief, Money Laundering and Asset Recovery Section, and Mark A. Irish, Senior Trial

1

Counsel, Criminal Division, hereby file this Sentencing Memorandum.

## I.

## INTRODUCTION

### A. Bianca ACEDO-Ojeda's Arrest and Guilty Plea to Conspiracy to Commit International Money Laundering

On March 10, 2021, Bianca ACEDO-Ojeda ("ACEDO") tendered a guilty plea to Count 1 of the Third Superseding Indictment charging her with conspiracy to commit international money laundering in violation of Title 18, U.S.C., Section 1956(h). In her plea agreement, ACEDO admitted that she directed the laundering of $15,000,000 of drug proceeds in United States dollars.

As explained below, ACEDO'S involvement was akin to, if not slightly more aggravated, than that of her brother, Joel ACEDO-Ojeda, who was previously sentenced by this Court on the same charge to 135-months in custody.

### B. Factual Background

Between August 2013 and continuing until in or about November 2015, ACEDO admitted that she knowingly received and directed the laundering of $15,000,000 of funds that she knew were from importation and trafficking of methamphetamine, cocaine and heroin by her associates in, or associated with, the Sinaloa Cartel. ACEDO, who operated the family exchange house in Culiacan, Sinaloa, Mexico arranged with various couriers to smuggle large quantities of bulk currency from the United States to Mexico and used the family exchange

house to launder the funds by converting most of the funds to pesos and transferring them to drug traffickers in Mexico.

On November 6, 2019, ACEDO was extradited to the United States. (Her brother was arrested much earlier in this investigation when he flew through Los Angeles International Airport returning from Dubai to Mexico.)

The money laundering organization in this case operated as follows: (1) drug traffickers utilized couriers to smuggle the illicit narcotics from Mexico to the United States for distribution; (2) at the direction of ACEDO and other currency exchange operators and others, couriers smuggled the drug proceeds southbound from the United States to Mexico frequently through this district; (3) at the direction of ACEDO and other currency exchange operators, couriers transported U.S. bulk currency northbound from Mexico to United States banks for deposit; (4) couriers wire-transferred the money back to Mexico where it was converted by ACEDO and others to Mexican pesos, thereby laundering the proceeds; (5) a portion of the Mexican pesos was then wire-transferred or transported to drug traffickers; and the cartel-associated drug traffickers paid a portion to ACEDO and other currency exchange house operators, typically a percentage of the amount smuggled; and (6) ACEDO and the exchange house operators, in turn, paid the couriers a lesser percentage. While only the $15,000,000 is attributable to ACEDO, the United States estimates that a total of $100,000,000 or more was laundered in this manner by ACEDO and the other exchange house operators involved in this case.

## C. **The Sentencing Guideline Calculations**

Pursuant to the plea agreement, the parties agreed to a base offense level of 8 pursuant to USSG Section 2S1.1(a)(2) with a 20-level increase pursuant to USSG 2B1.1(K) for the amount laundered. The offense level was further increased by 6-levels under USSG 2S1.1(b)(1)(i) because ACEDO knew or believed that the laundered proceeds (or some portion) were the proceeds of or intended to promote the importation or distribution of narcotics. In addition, because ACEDO was in the business of laundering funds, the offense level was increased an additional 4-levels pursuant to USSG Section 2S1.1(b)(2)(C). Given the early disposition in this case in which ACEDO filed no substantive motions and for a combination of other circumstances, the United States recommends a 2-level downward departure. In addition, with a 3-level decrease for her acceptance of responsibility, the adjusted offense level is a 33. ACEDO is in Criminal History Category I. The Government's recommendation contained in the plea agreement is a low-end 135-months sentence though, as noted below, we recognize that a slight additional departure under 18 U.S.C. Section 3553(a) may possibly be warranted.

## II.
## DISCUSSION

### A.   ACEDO LAUNDERED SUBSTANIAL CARTEL PROCEEDS OVER AN EXTENDED PERIOD WHILE OPERATING THE EXCHANGE HOUSE

While this defendant's conduct was, perhaps, not as aggravated as some of her co-conspirators who have already been sentenced, she was still a very significant money

4

launderer whose involvement spanned more than two years and she directed the laundering of $15,000,000 of drug proceeds. ACEDO has acknowledged that those proceeds resulted from the efforts of drug trafficking members, or associates, of the Sinaloa Cartel and with whom she was coordinating. The conduct here is extremely aggravated.

As the United States previously noted in this case at the time of her brother Joel's sentencing (Sentencing Mem. For Joel Acedo-Ojeda, ECF Doc. 122 at 5-6), "Defendant's sister [ACEDO] (along with others) used and/or managed or supervised [Joel Acedo-Ojeda's] services." In fact, as the United States further explained, ACEDO managed the exchange house in Culiacan, played a more active role in the laundering activity (although he laundered slightly more funds, her involvement was greater and they both fell within the same guideline level enhancement) and routinely provided instructions to Joel Acedo-Ojeda. *Id.* at 6. Plainly, while the United States does not recommend a role-enhancement, ACEDO is also not entitled to any reduction for a minor or other lesser role in this case. Nor did Joel Acedo-Ojeda receive any role reduction.

Recognizing that the court has sentenced other defendants in this case, we note that the 135-month plea agreement recommendation here fully accords with the plea agreement recommended sentences for other defendants including, but not limited to, Joel Acedo-Ojeda. Thus, consistent with 18 U.S.C. Section 3553(a), there are no unwarranted sentencing disparities in imposing a sentence of, or close to, 135-

5

months. Further, such a sentence is sufficient but not greater than necessary and takes into full account each of the 3553(a) factors. As noted below, the United States acknowledges that some slight adjustment based on certain facts in ACEDO's personal history outlined in paragraph 84 of the Presentence Report may possibly be warranted.

### B.   THE COURT SHOULD DENY ANY SIGNIFICANT REDUCTION FROM THE GOVERNMENT'S RECOMMENDED SENTENCE; AT MOST A SLIGHT ADJUSTMENT MAY BE APPROPRIATE

Given the seriousness of the offense, defendant's involvement with the Sinaloa Cartel, and the extent and magnitude of the laundering efforts ACEDO undertook, neither the departure recommended by the U.S. Probation Office nor that requested by the defendant is warranted. In fact, the Government previously incorporated a two-level departure that was based, in part, on a combination of factors in the plea agreement. This crime involved significant planning and considerable forethought. Defendant knowingly engaged in the conduct fully understanding the seriousness of that conduct as well as the dangers and attendant risks posed by associating herself with the Sinaloa cartel and its associates. Those risks, of course, included considerable prison time such as ACEDO is now facing.

The Government recognizes that ACEDO has a young child whom she bore shortly before she was taken into custody in Mexico. The Government also understands the circumstances associated with that child that are described in the PSR. The Government has been provided no information beyond that

contained in the PSR and has been unable to independently validate the information. In addition, the Government understands that the Court may possibly be inclined to vary downward based on those circumstances and the U.S. Probation Office's recommendation. While recognizing that some limited variance may possibly be appropriate, the Government believes that such variance should not, assuming the Court agrees such variance may even be warranted, exceed 24-months.

Finally, we note that the exchange house operations and money laundering activity was also engaged in by other family members, including this defendant's mother and that she, Joel Acedo-Ojeda, and other family members used their own business to engage in this activity. Accordingly, the Government has significant concerns that, when she returns to Mexico, this defendant may continue her involvement in this, or similar, illegal activity.

## III.

## CONCLUSION

Accordingly, for the reasons detailed above, the United States recommends that the Court impose a sentence consistent with this memorandum for defendant's conviction for conspiracy to commit international money laundering.

DATED:  October 4, 2021          Respectfully submitted,

RANDY S. GROSSMAN,
Acting U.S. Attorney

/s/Lawrence A. Casper
LAWRENCE A. CASPER
Assistant U.S. Attorney

DEBORAH CONNOR
Chief, Money Laundering &
Asset Recovery Section

/s/Mark A. Irish
Mark A. Irish
Senior Trial Counsel

Attorneys for Plaintiff
UNITED STATES OF AMERICA